Kamal v. Holder

BIA
A073 611 506

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

JOSEPH M. KAMAL,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-1152-ag
NAC

_____

FOR PETITIONER:     Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joseph M. Kamal, a native and citizen of Bangladesh, seeks review of a February 24, 2011, decision of the BIA denying his motion to reopen his deportation proceedings. *In re Joseph M. Kamal*, No. A073 611 506 (B.I.A. Feb. 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kamal's motion to reopen, filed in July 2010, was untimely because the BIA issued a final order of removal in May 2002.

Kamal contends, however, that his Filipino wife's recent separation and his corresponding loss of safe haven in the Philippines, coupled with an increase in violence against Christian converts in Bangladesh, constitute changed country conditions excusing his motion from the applicable time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Substantial evidence supports the BIA's finding that Kamal failed to demonstrate a material change in country conditions in Bangladesh sufficient to excuse the untimeliness of his motion to reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

In considering Kamal's claim of changed country conditions, the BIA reasonably relied on the evidence in the record at the time of his underlying proceedings to determine that "mistreatment of Christians and other religious minorities in Bangladesh does not constitute a changed circumstance, but rather has been ongoing for many years and is substantial." *In re Joseph M.* Kamal, No. A073 611 506, at *1; *see* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen

2

demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  As a result, the BIA did not abuse its discretion in denying Kamal's motion to reopen as untimely.

Similarly, the BIA's alternative finding, that Kamal failed to establish his *prima facie* eligibility for relief, was not an abuse of discretion.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be subjected to [persecution], his fear is speculative at best").  Although Kamal now argues that the BIA ignored his purported social group – persons who *converted* to Christianity – Kamal presented this same claim during his initial asylum proceedings, which the agency rejected as implausible in light of his decision to leave his Christian wife and daughter behind in Bangladesh and his wife's repeated return trips to the country. Moreover, the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006), and is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (quotation marks omitted).  A review of the record does not suggest that the BIA failed to consider Kamal's claimed fear based on his conversion to Christianity.  In rejecting his *prima facie* showing, the BIA reasonably determined that Kamal failed to cure the underlying implausibility of his claimed fear of persecution from Muslim extremists.  *Cf. Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam).

Kamal's argument that the BIA ignored the impact on his daughter of returning to Bangladesh, "as a modern Filipino girl," is also without merit.  *See Xiao Ji Chen*, 471 F.3d at 337 n.17.  Although Kamal argued in his motion to reopen that his daughter had a well-founded fear of persecution based on her "foreign born status," as the BIA pointed out, "his daughter was born in Bangladesh."  Moreover, in finding that Kamal failed to establish his daughter's *prima facie* eligibility for relief, the BIA reasonably relied on the

3

absence of any evidence in the record suggesting that his daughter would be targeted merely because her gender and her Filipino ethnicity. *See Jian Xing Huang*, 421 F.3d at 129. In sum, Kamal failed to demonstrate his *prima facie* eligibility for relief. The BIA thus did not abuse its discretion in denying his motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4